UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MOHAN A. HARIHAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 25-10065-FDS |
| COMMONWEALTH OF MASSACHUSETTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**SAYLOR, C.J.**

Mohan A. Harihar, who is proceeding *pro se*, has filed a civil action against the Commonwealth of Massachusetts and the Massachusetts Department of Revenue, alleging that they violated his constitutional rights during state judicial and administrative proceedings. Plaintiff filed with his complaint a motion for leave to proceed *in forma pauperis* (Doc. No. 2), a motion for appointment of counsel (Doc. No. 3), and a motion for leave to file electronically (Doc. No. 4). He later filed a motion for clarification (Doc. No. 7) and an emergency motion to amend the complaint (Doc. No. 9). For the reasons stated below, the court will grant the motion for leave to proceed *in forma pauperis*, dismiss this action, and deny the remaining motions as moot.

I.  **Motion for Leave to Proceed *in Forma Pauperis***

Upon review of the motion for leave to proceed *in forma pauperis*, the court concludes that plaintiff has adequately shown he is unable to pay the $405 filing fee. Accordingly, the court will grant the motion.

II.     **Review of the Complaint**

Summonses have not issued pending the court's preliminary review of the complaint. Federal law authorizes a federal court to dismiss a complaint filed by an *in forma pauperis* plaintiff *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  In addition, the court may consider jurisdictional matters *sua sponte*, including whether a state is immune from suit in a federal court under the alleged facts.  *See Parella v. Ret. Bd. of Rhode Island Employees' Ret. Sys.*, 173 F.3d 46, 55 (1st Cir. 1999) (noting that courts have discretion to raise *sua sponte* questions of a state's immunity.  In conducting that review, the court must liberally construe the complaint because plaintiff is proceeding *pro se*.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

A.     **Plaintiff's Claims**

Plaintiff alleges that his claims "stem from litigation filed in Massachusetts State Courts, related Federal litigation & unlawful Tax/Debt Collection practices that have continued without correction since 2011," which evidence "an unprecedented level of egregious [and] systemic judicial – and MA [Department of Revenue] abuses in this Commonwealth."  Compl. at 8.  He alleges that his "claims involve the illegal foreclosure of [his] residential property, as identified by:  (1) the DOJ; (2) Federal Bank Regulators; & (3) the MA Attorney General's Office." *Id.* His state court actions include one he brought in "the Land Court to address evidenced Homestead Protection violations identified with the Plaintiff's residential property." *Id.* According to plaintiff, each of his state actions "has evidenced judicial violations believed to be based (at least in part) on [his] race as an Indian American Citizen, Indigency status, inability to retain legal counsel on his own - & even his voting history in support of President Elect – Donald

J Trump." *Id.* He alleges that examples of this judicial misconduct include refusing appointment of counsel, refusing discovery, denying plaintiff a trial by jury, "unlawful threat of sanctions," "[b]latant disregard for the Constitution," and "[i]gnoring the clear misrepresentation of facts by opposing counsel." *Id.* And he asserts that the defendants' alleged misconduct "evidence[] Treason violations as defined under [18 U.S.C. § 2381."]. *Id.* at 9.

In his prayer for relief, plaintiff states that he "will seek the assistance of legal counsel to help determine the full extent of relief that is warranted, considering the severity of legal issues and abuses that have unnecessarily continued for more than 13 years – including treble damages, punitive damages – and all other relief deemed appropriate by the court." *Id.* at 8.

B.  **Discussion**

To state a claim for relief, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, the complaint fails to state a claim upon which relief can be granted. Plaintiff brings this action under 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  In other words, § 1983 permits a lawsuit against any "person" who, while acting under color of state law, deprives another of their federal rights.[1]  However, the Supreme Court has ruled that "neither a State nor its officials acting in the official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, a § 1983 claim cannot be brought against the Commonwealth of Massachusetts, the Department of Revenue, or any other or agencies of the state regardless of the nature of the alleged misconduct.

Furthermore, under the Eleventh Amendment, a state (including its agencies and officials acting in their official capacities) has immunity from suit in a federal court unless (1) the state has waived its immunity or (2) Congress has abrogated the state's immunity.  *See Va. Off. for Protection & Advoc. v. Stewart*, 563 U.S. 247, 253-54 (2011).[2]  The complaint asserts no claim based on the alleged facts for which the Commonwealth has waived or Congress has abrogated the Commonwealth's Eleventh Amendment immunity for suit in federal court.

### III.   Conclusion

For the foregoing reasons:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. The motion to amend is DENIED as futile.

3. This action is DISMISSED for failure to state a claim upon which relief can be granted.

4. To the extent not mooted by the dismissal of this action, all other motions are DENIED.

---

[1] "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Borras-Borrero v. Corporacion del Fondo del Seguro del Estado*, 958 F.3d 26, 35 (1st Cir. 2020) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)).

[2] The sovereign immunity of a state is often referred to as "Eleventh Amendment immunity" because the Eleventh Amendment to the United States Constitution "confirm[ed] the structural understanding that States entered the Union with their sovereign immunity intact." *Va. Off. For Prot.*, 563. U.S. at 253.

5.        The court CERTIFIES that any appeal of this order would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

**So Ordered.**

Dated:  May 9, 2025

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court